IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

DONNA PARKS,

        Petitioner,

v.                                              Case No. 1:21-cv-00474

WARDEN G. RYLE, FPC Alderson,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On August 25, 2021, Petitioner, an inmate designated to the Federal Prison Camp at Alderson, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1).  Petitioner paid the applicable $5.00 filing fee.  This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving an 82-month term of imprisonment imposed by the United States District Court for the Middle District of Georgia following her conviction on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Petitioner has filed the instant petition for a writ of habeas corpus seeking prior custody credit for 10 months during which she was on home confinement with a GPS ankle monitor on a Georgia state charge that pre-dates her federal arrest.

## ANALYSIS

Petitioner is not entitled to any prior custody credit for the time she spent on home confinement with electronic monitoring. In *Reno v. Koray*, 515 U.S. 50, 52 (1995), the Supreme Court rejected a similar claim involving a defendant who was granted pretrial release to a community treatment center. Nonetheless, as noted by Respondent, the Court's analysis applies to any situation involving pretrial or presentence release. In interpreting the meaning of "official detention" in 18 U.S.C. § 3585(b), the Supreme Court concluded that official detention includes only time spent confined in the custody of the Attorney General pursuant to an order of detention, and did not include time spent on "release," even under the most stringent limitations. *Reno*, 515 U.S. at 55, 57-58; *see also Yates v. Reherman*, No. 1:19-cv-00436, 2020 WL 10759468, at *4 (S.D.W. Va. May 29, 2020), *report and recommendation adopted*, No. 1:19-cv-00436, 2021 WL 2953147 (S.D.W. Va. July 14, 2021). Thus, because Petitioner was not detained by the Court or within the custody or control of the Attorney General or BOP, her time spent on pretrial release does not qualify for credit under 18 U.S.C. § 3585(b). *See, e.g., United States v. Summers-Grace*, No. ELH-16-cr-0594, 2020 WL 1235016, at *3 (D. Md. Mar. 13, 2020) ("Moreover, the Court determined that 'credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility' and who were subject to BOP's control.") (quoting *Reno*, 515 U.S. at 58); *Collins v. Butler*, No. 6:15-cv-063-DCR, 2015 WL 4973620, at *3 (E.D. Ky. Aug. 19, 2015) ("Following the Supreme Court's decision, federal courts have uniformly upheld the BOP's conclusion that time spent in home detention does not qualify as 'official detention' warranting presentence credits under § 3585(b) because it is a form of 'release,' not a form of 'detention.') (citations omitted); *Givens v. Thomas*, No. 3:12-cv-874, 2013 WL

2

3102895, at *4 (M.D. Pa. June 18, 2013) ("Pursuant to the standards announced in *Reno v. Koray*, Givens is simply not entitled to § 3585 credit for the period of his home confinement with electronic monitoring regardless of how restrictive those conditions may have been."); *Halstead v. Apker*, No. 11-cv-0225-TUC-FRZ, 2011 WL 7004336, at *2 (D. Ariz. Nov. 8, 2011), *report and recommendation adopted*, 2012 WL 92843 (D. Ariz. Jan. 12, 2012) (finding that home incarceration with electronic monitoring, although quite restrictive, was not "official detention" under § 3585(b)).

Petitioner's reply attempts to analogize her home confinement to that of inmates who were released on home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, 18 U.S.C. § 3624(c)(2), during the Covid-19 pandemic. She states:

> But as of March 2020, the Attorney General has over 4,500 people out on 24 hour electronic monitoring under Cares Act. These people are receiving credit as time served by the BOP as if they are on "official detention," which serves as jail type confinement. The petitioner's case here should be no different. Due to the fact that she was on the same electronic monitoring. She was confined to a small space with around the clock surveillance. The petitioner's every move was restricted, any trips outside her confinement were only made with approval of court officials.

(ECF No. 9 at 1). However, the inmates released under the CARES Act were sentenced prisoners who were in the custody of the Attorney General and the BOP, which is distinguishable from Petitioner's circumstances. *See, e.g., Rodriguez v. Lamer*, 60 F.3d 745, 749 (11th Cir. 1995) (individuals placed on home confinement after being convicted, sentenced, and placed in the custody of the BOP are distinct from, and not similarly situated to, those seeking such credit for pre-trial home confinement).

3

Petitioner bears the burden of demonstrating that she is in custody in violation of the Constitution or laws of the United States, and she has not met that burden here. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has received the proper prior custody credit and that her sentence has been properly executed. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

November 14, 2022

                                            Dwane L. Tinsley
                                            United States Magistrate Judge